UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WALTER ALLEN HENNEY,       )
                                    )
                   Petitioner,      )     Case No. 1:06-cv-149
                                    )
v.                             )     Honorable Gordon J. Quist
                                    )
MARY BERGHUIS,            )
                                    )
                   Respondent.    )
_____)

## OPINION

        This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that Petitioner's claims lack merit on their face.

## Discussion

I.        Factual allegations

Petitioner is presently incarcerated at the West Shoreline Correctional Facility.  On July 15, 2002, Petitioner pleaded guilty in the Huron County Circuit Court to two counts of third-degree criminal sexual conduct (CSC).  He was sentenced by the trial court to three to fifteen years imprisonment on each count, to be served concurrently.  The instant petition concerns the denial of Petitioner's parole by the Michigan Parole Board on April 28, 2005.

After his incarceration, Petitioner made several unsuccessful attempts to enter the Sex Offender Treatment (SOT) program.  He was finally admitted into the program on January 24, 2005.  On March 8, 2005, Petitioner received a parole guideline score of +4, which calculates to a high probability of parole.  During his parole hearing, a parole board member informed Petitioner that he must complete SOT before he would be considered for parole. On April 28, 2005, Petitioner received the parole board's decision to deny parole. As the substantial and compelling reason for departing from the guidelines, the parole board stated that Petitioner "is currently serving on a CSC and has a CSC in his history.  P[arole] B[oard] does not find that P[etitioner] has gained sufficient insight into his long term sexually deviant behavior."  Pl.'s Compl., Ex. M.

Petitioner filed a grievance, identified as grievance number 05-06-00265-16D, claiming that the statement that he had a history of CSC was false.  On August 10, 2005, Petitioner received a Step II response acknowledging that he had no history of CSC prior to the conviction for which he was incarcerated, and advising that it would be removed from his file and the case referred to the parole board for reconsideration.  On August 16, 2005, Petitioner received notice of the parole board's denial of parole on reconsideration. The decision stated that the substantial and compelling

- 2 -

reason for departing from the guidelines was that Petitioner's offense involved molesting his daughter, his daughter was in fear of Petitioner, and considering Petitioner's history of a child abuse conviction, the parole board was not convinced that "the risk of further assaultive and deviant behavior has been sufficiently reduced."  Pl.s Compl., Ex. T. Petitioner pursued his original grievance to Step III, contending that the reasons given for parole denial were not actually substantial and compelling.

Petitioner claims that the decision to deny him parole violated his rights of equal protection, procedural due process, and substantive due process. For relief, Petitioner seeks an immediate release from the custody of the Michigan Department of Corrections.

II.     Exhaustion of State Court Remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts.  28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  However, the State of Michigan has eliminated the right of a prisoner to appeal a parole denial. *See* MICH. COMP. LAWS § 791.234(9) (as amended by 1999 Mich. Pub. Acts 191).  Consequently, because a state statute prohibits a prisoner from appealing a parole denial, it appears Petitioner has no available state court remedy in which to exhaust his claims.  Thus, the Court will address the merits of his claims.  Moreover, even if Petitioner did have a method to challenge the parole board's decision, such as a state writ of habeas corpus or mandamus, *see id.*, the Court may still deny his action on the merits. *See* 28 U.S.C. § 2254(b)(2).

III.   Merits

The federal courts may issue a writ of habeas corpus to release a state prisoner only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. §§ 2241(c), 2254(a).  Accordingly, a petition states a claim for federal habeas relief only if it alleges that petitioner is in custody in violation of the United States Constitution or federal laws.  *Mabry v. Johnson*, 467 U.S. 504, 507 (1984).  The federal courts have no power to intervene on the basis of a perceived error of state law.  *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987) ("The federal habeas court does not act as an additional state appellate court to review a state court's interpretation of its own law or procedure.").  Thus, to the extent Petitioner challenges the parole board's failure to follow parole guidelines or state law in reaching their decision to deny parole, the claim is not cognizable in federal habeas corpus proceedings.

A.  Fourteenth Amendment - Due Process

Petitioner contends that in violation of his procedural and substantive due process rights (a) he was denied parole based upon false information, and (b) the parole board impermissibly denied his parole based upon the parole board's personal dislike of Petitioner's offense.  Petitioner must first establish that he has a liberty interest in parole that is entitled to protection by the due process clause.  *Meachum v. Fano*, 427 U.S. 215, 224 (1976); *see Bd. of Pardons v. Allen*, 482 U.S. 369 (1987).  However, there is no constitutional or inherent right to be conditionally released before the expiration of a prison sentence.  *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979).  Although a state may establish a parole system, it has no duty to do so, and thus, the presence of a parole system by itself does not give rise to a constitutionally-protected liberty

- 4 -

interest in parole release.  *Id.* at 7; *Allen*, 482 U.S. at 373.  Rather, a liberty interest is present only if state law entitles an inmate to release on parole.  *Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 235 (6th Cir. 1991).

In *Sweeton v. Brown*, 27 F.3d 1162, 1164-65 (6th Cir. 1994) (en banc), the Sixth Circuit, noting "the broad powers of the Michigan procedural authorities to deny parole," has held that the Michigan system does not create a liberty interest in parole.  Subsequent to its 1995 decision, the Sixth Circuit has recognized the continuing validity of *Sweeton* and has continued to find that Michigan's Parole scheme creates no liberty interest in being released on parole.  *See Ward v. Stegall*, No. 03-1804, 2004 WL 614581 (6th Cir. Mar. 24, 2004); *Martin v. Ohio Adult Parole Auth.*, No. 03-3642, 2003 WL 22976604, at *1 (6th Cir. Dec. 8, 2003); *Bullock v. McGinnis*, No. 00-1591, 2001 WL 180978, at *2 (6th Cir. Feb. 14, 2001); *Turnboe v. Stegall*, No. 00-1182, 2000 WL 1679478, at *1 (6th Cir. Nov. 1, 2000); *Hawkins v. Abramajtys*, No. 99-1995, 2000 WL 1434695, at *2 (6th Cir. Sept. 19, 2000); *Irvin v. Michigan Parole Bd.*, No. 99-1817, 2000 WL 800029, at *2 (6th Cir. June 14, 2000); *Clifton v. Gach*, No. 98-2239, 1999 WL 1253069, at *1 (6th Cir. Dec. 17, 1999).  Also, in unpublished decisions, the Sixth Circuit has held that particular parts of Michigan's statutory parole scheme do not create a liberty interest in parole.  *See Fifer v. Michigan Dep't of Corr.*, No. 96-2322, 1997 WL 681518, at *1 (6th Cir. Oct. 30, 1997); *Moran v. McGinnis*, No. 95-1330, 1996 WL 304344, at *2 (6th Cir. June 5, 1996); *Leaphart v. Gach*, No. 95-1639, 1995 WL 734480, at *2 (6th Cir. Dec. 11, 1995); *Vertin v. Gabry*, No. 94-2267, 1995 WL 613692, at *1 (6th Cir. Oct. 18, 1995); *Neff v. Johnson*, No. 92-1818, 1993 WL 11880, at *1 (6th Cir. Jan. 21, 1993); *Janiskee v. Michigan Dep't of Corr.*, No. 91-1103, 1991 WL 76181, at *1 (6th Cir. May 9, 1991); *Haynes v. Hudson*, No. 89-2006, 1990 WL 41025, at *1 (6th Cir. Apr. 10, 1990).  Finally, the

- 5 -

Michigan Supreme Court has recognized that there is no liberty interest in parole under the Michigan system. *Glover v. Michigan Parole Bd.* 596 N.W.2d 598, 603-04 (Mich. 1999).

The discretionary parole system in Michigan holds out "no more than a mere hope that the benefit will be obtained." *Greenholz*, 442 U.S. at 11. Until Petitioner has served his maximum sentence, he has no reasonable expectation of liberty. Because Petitioner has no liberty interest at stake, the parole board's failure or refusal to grant Petitioner parole implicates no federal right and, accordingly, his procedural due process claim has no merit.

Petitioner next claims that under Michigan law he is deprived of an appeal of the parole board's decision, which unconstitutionally extends his incarceration. A prisoner may not appeal a parole denial under Michigan law. *See* MICH. COMP. LAWS § 791.234(8); Mich. Ct. R. 7.104(D)(1). While Petitioner does not state the constitutional basis upon which his claim arises, the claim can only be considered to arise from the Due Process Clause. As previously discussed, however, a prisoner has no constitutional or inherent right to be released on parole before the expiration of the prisoner's sentence. *Greenholz*, 442 U.S. at 7. In the absence of a liberty interest in parole, Petitioner has neither a right to parole nor any right to appellate review of the parole board's decisions. In sum, Petitioner fails to raise a procedural due process claim cognizable on habeas review.

Petitioner also claims that despite the fact that he has no liberty interest protected by procedural due process, he has been denied substantive due process by the arbitrary actions of the parole board. Although substantive due process protects inmates from arbitrary denials of parole based on impermissible criteria such as race, political beliefs or frivolous factors, such as eye color, even where a prisoner may not have a protected liberty interest, *see Mayrides v. Chaudhry*, No. 01-

- 6 -

3369, 2002 WL 1359366 (6th Cir. June 20, 2002) (*citing Block v. Potter*, 631 F.2d 233, 236 n.2 (3d Cir. 1980)), Petitioner does not present such allegations here.  Rather, Petitioner claims that he was denied parole  because of the nature of his offense.  In order to demonstrate constitutionally arbitrary conduct prohibited by substantive due process, Petitioner must show that the parole board's conduct shocks the conscience and constitutes an "egregious abuse of governmental power."  *Id.* at *2 (citing *Cale v. Johnson*, 861 F.2d 943, 950 (6th Cir. 1988)), *overruled on other grounds by Thaddeus-X v. Blatter*, 175 F.3d 378 (6th Cir. 1999)).  Plaintiff pleaded guilty to two counts of CSC involving his minor daughter.  Making a determination that Petitioner has gained no insight into the offense, and, if released, continues to represent a risk to the victim and society in general, cannot reasonably be considered an "egregious abuse of governmental power," even though Petitioner may not agree with that conclusion.  Nor, having so concluded, can it reasonably be considered shocking to the conscience for a parole board to decline to release a prisoner merely because he has served his minimum sentence.  Petitioner's substantive due process claim has no merit.

        B.      Fourteenth Amendment - Equal Protection

        Petitioner asserts that the circumstances under which his parole was denied constitute a serious equal protection violation. The Equal Protection Clause of the Fourteenth Amendment provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike.  U.S. CONST., amend. XIV; *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985).  However, Petitioner's assertion on this point is wholly conclusory. Petitioner provides no specific factual allegations to directly support his conclusion or which give rise to a reasonable inference that he, or sex-offenders in general, are arbitrarily denied parole because of their

offense. "Conclusory allegations, without evidentiary support, do not provide a basis for habeas relief." *Prince v. Straub*, 78 F. App'x 440, 442 (6th Cir. 2003); *and see Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977) (stating that a habeas petition must "state facts that point to a 'real possibility of constitutional error'" (quoting Advisory Committee Notes on Rule 4, Rules Governing Habeas Corpus Cases)); *Perez v. Hemingway*, 157 F. Supp.2d 790, 795 (E.D. Mich. 2001) (stating that "[c]onclusory allegations that a petitioner's equal protection rights were violated are insufficient to establish an equal protection claim that would warrant habeas relief"), citing *Wiggins v. Lockhart*, 825 F.2d 1237, 1238 (8th Cir. 1987) and *Church v. State of Tenn.*, No. 88-6331, 1989 WL 40195, *1 (6th Cir. Apr. 20, 1989). Petitioner's wholly conclusory reference to an equal protection violation, even construed liberally, does not state a claim for a constitutional deprivation cognizable in a federal habeas corpus proceeding.

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because his claims challenging the denial of his parole are without merit.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit

that service is not warranted.  *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability.  *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001).  Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted.  *Id.* at 467.  Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000).  *Murphy*, 263 F.3d at 467.  Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*  "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  In applying this standard, the court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of petitioner's claims. *Id.*

The Court finds that reasonable jurists could not find that this Court's dismissal of Petitioner's due process and equal protection claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment consistent with this Opinion will be entered.

Dated:  April 14, 2006                                      _____/s/ Gordon J. Quist_____
                                                    GORDON J. QUIST
                                    UNITED STATES DISTRICT JUDGE